IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:21-cv-81974-WPD

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

vs.

MINDY SEPINUCK,

    Defendant.
_____/

**DEFENDANT MINDY SEPINUCK'S ANSWER TO THE COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Mindy Sepinuck ("Defendant") submits her Answer to Plaintiff' Affordable Aerial Photography, Inc's ("Plaintiff") Complaint (DE 1) for Copyright Infringement, and states as follows:

1. Admitted.

2. Admitted.

3. Defendant admits that the Complaint plausibly recites a case or controversy involving a federal question under 28 U.S.C. § 1331, relating to Copyright Act, *see* 28 U.S.C. § 1338(a). Defendant is without knowledge as to any other allegations or implications contained in this paragraph, as it appears to assert that jurisdiction here is conferred in gross, directly contrary to Supreme Court precedent. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (jurisdiction must exist for each claim and each form or relief sought).

4. Defendant admits that this Court has personal jurisdiction over her as she is a Florida citizen. Defendant is without knowledge as to the remaining facts contained in this apparent form-recitation paragraph and therefore denies them on those grounds.

5. Defendant admits that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a). Defendant admits that she resides in this district. The Defendant is without knowledge as to the remaining allegations in this paragraph related to "her agents" and the Plaintiff's apparent form-recitation of legal authority and denies them on those grounds.

6. Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them as those grounds.

7. Defendant admits that Mr. Stevens was a real estate photographer who, in association with the Plaintiff, offered a full array of stock photographs to any interested party. Defendant is without knowledge as to any and all remaining allegations contained in this paragraph and therefore denies them on those grounds.

8. Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them as those grounds.

9. Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them as those grounds.

10. Defendant is without knowledge as to the allegations contained in this paragraph. Defendant avers that public records and Plaintiff's litigation history show that Plaintiff previously maintained a commercial website at the domain www.stockimagedepot.com, where it offered Plaintiff's stock photographs for a one-time fee of roughly $300 per photograph.

11. Defendant admits that Plaintiff offers its stock photography for a one-time license for its photographs subject to standard terms. Defendant is without knowledge as to the remaining allegations contained in this paragraph and therefore denies them on those grounds.

12. Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them as those grounds.

13. Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them on those grounds. Defendant avers that the registration certificate no. VA 2-075-526, attached as exhibit A to the Complaint, identifies a photograph titled "Sewells Point aerial a 2015 AAP" and indicates that it was *published* in 2015.

14. Defendant admits that the photograph reproduced as part of this paragraph includes copyright management information as stated in this paragraph. Defendant is without knowledge as to all remaining allegations and assertions contained in this paragraph and therefore denies them on those grounds.

15. Defendant admits that a registration certificate no. VA 2-075-526 is attached as exhibit A to the Complaint, and that it identifies a photograph titled "Sewells Point aerial a 2015 AAP" as being one of the photographs registered as part of a group registration of published photographs. Defendant is without knowledge as all remaining allegations and assertions contained in this paragraph and denies them on those grounds.

16. Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them on those grounds.

17. Admitted.

18. Denied as stated. Defendant admits she had a business Facebook page titled "Mindy Sells South Florida" that was available at the URL identified in the Complaint. Defendant further admits that the Facebook page contained limited information related to her as a real estate agent. Defendant denies that she presently "markets her real estate business through" that webpage. Defendant denies all other allegations and implications contained in or expressed by this paragraph.

19.     Denied as stated.  Defendant admits that on May 2, 2019, she published a photograph on her Facebook page as shown in the reproduction contained in this paragraph. Defendant denies all other allegations and assertions contained within this paragraph and therefore denies them on those grounds.  Defendant further avers that on May 2, 2019, she posted information from the Multiple Listing Service ("MLS"), including approximately 8 of 30 photographs and information related to a listing from another broker who had identified such listing as "any broker can advertise," which is a designation on the MLS that real estate agents use to indicate that other brokers are allowed to repost those listings.  Defendant avers that she was not contacted by potential clients interested in that listing and she did not participate in the sale of that listing.

20.     Denied as stated.  Defendant admits that she did not remove copyright management information from any photograph she posted onto her Facebook page.  Defendant denies that the presence of copyright management information "unequivocally show[s] the two photographs to be the same," and the illogic which Plaintiff employs in making this statement.  Defendant denies that exhibit B to the Compliant is "[a] true and correct copy of screenshots of Defendants' Facebook page, displaying the copyrighted Work," which is readily apparent to anyone viewing exhibit B. While Defendant admits that exhibit B shows a single screenshot that appears to be of viewing the specific photograph posted on Defendant's Facebook page, that screenshot is not of Defendant's Facebook page itself and is not multiple "screenshots" as stated in this paragraph.

21.     Defendant is without knowledge as to the allegations contained in this paragraph and therefore denies them on those grounds.  Defendant avers that the Plaintiff markets "stock" real estate photographs to real estate agents for them to use in listing properties on the MLS and other web sites and that Plaintiff is aware that the custom for the agents its licenses to is that such

listings are necessarily shared and reproduced by other agents in connection with the advertising and sale of properties. Plaintiff's acts, therefore, would lead to a limited implied license under Eleventh Circuit precedent and further facts would need to be obtained from the Plaintiff to address the issue of licensing.

22. Denied.

23. Denied as stated. Defendant admits that she obtained a series of photographs from the MLS from another agent's listing which identified the listing as "any broker can advertise," and she admits she reposted information and photographs from that third-party agent's listing. Defendant is without knowledge as to all other allegations and assertions contained in this paragraph and therefore denies them on those grounds.

24. Defendants is without knowledge as to the allegations contained in this paragraph and therefore denies them on those grounds.

25. Defendants is without knowledge as to the allegations contained in this paragraph and therefore denies them on those grounds. Defendant further avers that because the Plaintiff has not provided a certified copy of the deposit material in connection with the Complaint, until such is obtained, it cannot be determined that the Plaintiff has registered the claim of copyright in the *specific* photograph alleged to infringed, i.e., the photograph reproduced as part of paragraph 14,

## COUNT I – COPYRIGHT INFRINGEMENT

26. Defendant incorporates her responses to paragraphs 1 through 25, above.

27. Denied as stated. Defendant admits that the photograph reproduced as part of paragraph 14 of the Complaint is an original work of authorship that contains enough copyrightable subject matter to provide for protection under the Copyright Act, codified at 17 U.S.C. § 101, *et seq.* Defendant is without knowledge as to all other allegations and assertions

contained in this paragraph—including, *inter alia*, the assertion that the "Work" is the photograph reproduced as part of paragraph 14 of the Complaint—and therefore all other allegations and assertions are denied on that basis.

28. Defendant is without knowledge as to the allegations and assertions contained in this paragraph and therefore denies them on those grounds.

29. Denied as stated. Defendant admits that she had access to the photograph that she posted on Facebook. Defendant is without knowledge as to all remaining allegations and assertions contained in this paragraph and therefore denies them on those grounds.

30. Denied.

31. Denied.

32. Denied as stated. Defendant admits she has been a licensed Florida realtor for approximately 9 years. Defendant is without knowledge as to all remaining allegations and assertions contained in this paragraph and denies them on those grounds.

33. Denied as stated.

34. Defendant is without knowledge as to the allegations and assertions contained in this paragraph and therefore denies them on those grounds. Defendant further avers that the Plaintiff's allegations and assertions in this paragraph misstate the law.

35. Defendant is without knowledge as to the allegations and assertions contained in this paragraph and therefore denies them on those grounds.

36. Defendant is without knowledge as to the allegations and assertions contained in this paragraph and therefore denies them on those grounds.

37. Denied. Under Supreme Court precedent, the Plaintiff's request for injunctive relief is moot and the Court no longer has Article III jurisdiction to grant such request for relief

because the photograph identified in paragraphs 19-20 is no longer present on Facebook in connection with the Defendant. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792; 797 (2021); *see also TransUnion*, 141 S. Ct. at 2207.

## REPSONSE TO REQUESTS FOR RELIEF

Defendant denies all allegations and assertions contained in the paragraphs requesting relief, identified as "a" through "g."

## DEMAND FOR JURY TRIAL

Defendant admits that the Complaint sets for a demand for a trial by jury on all issues to triable. Defendant likewise respectfully demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

The Defendants affirmatively plead the following defenses:

1. Defendants have not infringed the copyrighted Work identified in registration certificate VA 2-075-526.

2. Defendant was licensed, either directly or impliedly, by the Plaintiff for the acts of alleged infringement identified in the Complaint. As previously identified, Plaintiff markets "stock" real estate photographs to real estate agents for them to be used in listing properties on the MLS and similar web sites and that Plaintiff is aware that the custom for the agents it licenses is that such listings are necessarily shared and reproduced by other agents in connection with the advertising and sale of properties. Plaintiff's acts, therefore, would lead to a limited implied license under Eleventh Circuit precedent, though further facts remain to be obtained from the Plaintiff to address the issue of licensing more fully.

3. To the extent that any Defendant is found to have infringed any copyrighted work, such infringement was innocent, i.e., that she was not aware and had no reason to believe that her

7

acts constituted an infringement of copyright because she was acting with the belief that she had authority to reproduce the allegedly infringing photograph by the MLS listing agent who had identified the listing under the designation "any broker can advertise."

4. To the extent that any Defendant is found to have infringed any copyright in a photographic work of the Plaintiff's, such infringement is not actionable because the Plaintiff lacks a valid copyright registration for such work.

5. Plaintiff's claims are barred by estoppel. Plaintiff previously maintained a website www.stockimagedepot.com where all or most of its photographs were publicly available for licensing and reproduction and potential defendants threatened by the Plaintiff were able to obtain objective evidence showing *exactly* what the cost of a license for each of the Plaintiff's photographs costs. Before brining this lawsuit the Plaintiff shut that website down so as to, upon belief, obscure the minimal cost of a stock license fee.

6. Plaintiff's claims are barred by evidentiary estoppel. As addressed above, the Plaintiff formerly maintained a website that contained the objective evidence of a license to each, or most, of the Plaintiff's photographs, from which past licensing could be obtained and compared. To the extent that the Plaintiff has not maintained all of that information then it has knowingly removed critical evidence which would have been relied upon by the Defendant here.

7. Plaintiff's infringement claims are barred by the doctrine of unclean hands. Evidence of such conduct is demonstrated in correspondence that has been designated protected under Federal Rule of Evidence 408 and therefore is not repeated here.

8. Plaintiff has engaged in one or more acts that constitute misuse of its copyrights, including, but not limited to, wrongfully asserting infringement of copyrights that have not been registered by identifying registrations which do not register the claim of copyright for the work

*actually* asserted, in violation of the requirements of the Copyright Act and contrary to public policy.

9. Plaintiff has engaged in one or more acts fraud/misuse with regard to his photographs and copyright registrations, including without limitation, threatening and filing actions for copyright litigation without first investigating the allegations of infringement and determining whether the allegedly infringing image is, in fact, a photograph for which the Plaintiff has registered its claim of copyright, versus one of the many photographs owned by the Plaintiff or its principal for which the claim of copyright has not yet been registered.

10. To the extent that Plaintiff seeks statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504–505, the Plaintiff is barred from such recovery under 17 U.S.C. § 412 for any infringement of a work which commenced before the effective date of its registration.

## REQUEST FOR ATTORNEYS' FEES

Pursuant to 17 U.S.C. § 505, the Defendants request their reasonable attorneys' fees and costs in connection with the defense of this action.

Respectfully submitted,

MCHALE & SLAVIN, P.A.

**Andrew D. Lockton**
Andrew D. Lockton (Florida Bar No. 115519)
Edward F. McHale (Florida Bar No. 190300)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com

*Attorneys for Defendant Sepinuck*